Filed 06/13/23

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01292

| Hilarie Tolstoi v. April Worth |
|---|

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss  (Motion: 3)
Filer:      Eric J Fanning, Esq.
Filed Date: May 12, 2023

This is an eviction action filed pursuant to 12 V.S.A. § 4761.  Plaintiff Landlord Hilarie Tolstoi seeks to evict Defendant Tenant April Worth from her rental property in Rutland, Vermont, which is a federally subsidized, "Section 8" apartment.  Ms. Tolstoi represents herself and Ms. Worth is represented by Eric Fanning, Esq.  Tenant moves to dismiss the action, arguing that the termination notice was legally deficient because it failed to provide notice under the Violence against Women Act ("VAWA"), which is required under federal law for subsidized housing.  Landlord argues such notice was not required because she was unaware Tenant is a victim of domestic violence and Tenant is not being evicted due to acts or threats of violence against her.  For the reasons discussed below, Tenant's motion to dismiss is GRANTED.

Federal regulations provide that a "covered housing provider," such as a landlord for a Section 8 tenant, must provide a "Notice of Occupancy Rights under the Violence Against Women Act" to the tenant "[w]ith any notification of eviction or notification of termination of assistance."  24 C.F.R. § 5.2005(a)(2)(iii) (emphasis added).  Thus, the VAWA notice is required regardless of the grounds for the eviction.  Other courts have dismissed cases where the required notice is not provided, holding that termination notices sent without the VAWA notice are insufficient and legally inadequate to properly terminate the tenancy.  *See, e.g.*, *DHI Cherry Glen Assocs., L.P. v. Gutierrez*, 46 Cal. App. 5th Supp. 1, 10, (Cal. App. Dep't Super. Ct. 2019) (holding that notice served on tenant that "did not include the VAWA notices as required by law . . . cannot support an action for unlawful detainer"); *Hous. Auth. of City of Hartford v. Shahine*, No. HFH-CV21-6017325S, 2022 WL 2663954, at *2 (Conn. Super. Ct. 2022) (noting that "federally subsidized landlords are obligated to comply with the requirements of state and federal law in terminating a lease," and "24 C.F.R. § 5.2005(a)(2)(iii) clearly provides that at the time of any eviction notice, regardless of the basis for the termination of tenancy," the [VAWA notice] forms are required").  Likewise, Vermont trial courts have dismissed eviction actions where Section 8 landlords fail to provide contemporaneous notice of the termination of the lease to the housing authority, as required by 24 C.F.R. § 982.310.  *See, e.g.*, *Franklin South LLC v. Charbonneau*, No. 22-CV-03982, at 3-4 (Mar. 2, 2023) (Toor, J.) (dismissing case where HUD was not given a copy of the termination notice, observing that a "valid notice of termination is a

condition precedent to the commencement of a Section 8 eviction proceeding" (quotation omitted)); *Bourne v. Baker*, No. 22-CV-00163 (Mar. 30, 2022) (Gerety, J.) (stating an "action for eviction can be commenced only after lawful termination of the rental agreement," which did not occur where plaintiff failed to deliver a copy of the written notice of termination to VSHA").

The Court is persuaded by these cases and concludes that Landlord's failure to provide the required VAWA notice to Tenant with the Notice of Termination here means that the tenancy was not properly terminated. Further, this is a jurisdictional defect that requires dismissal of the action. As the Vermont Supreme Court has made clear, "[w]ith respect to the termination of residential leases, we have followed the trend in other jurisdictions to require punctilious compliance with all statutory eviction procedures, including notice provisions." *Vt. Small Bus. Dev. Corp. v. Fifth Son Corp.*, 2013 VT 7, ¶ 15 (quotation omitted).

For the foregoing reasons, the Motion to Dismiss is GRANTED. This matter is hereby DISMISSED without prejudice. Landlord may refile the eviction action within 90 days of the date of this Entry without filing an additional filing fee.

Electronically signed on June 8, 2023 at 6:10 PM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge